

# JEFF ANDERSON & ASSOCIATES PA
REACHING ACROSS TIME FOR JUSTICE

ATTORNEYS

JEFFREY R. ANDERSON
Minnesota
Wisconsin
Illinois
Colorado
New York
Pennsylvania
REGISTERED FOREIGN LAWYER
(UNITED KINGDOM)

MICHAEL FINNEGAN
Minnesota
Wisconsin
California
New York

MIKE RECK
California
New York
Texas
Pennsylvania

ELIN LINDSTROM
Minnesota
Wisconsin

TRUSHA GOFFE
Minnesota
Washington DC
New Jersey
New York

PATRICK STONEKING
Minnesota
Wisconsin
New York
North Dakota

JOSH PECK
Minnesota

MOLLY BURKE
Minnesota

JENNIFER STEIN
California

NAHID SHAIKH
New York
New Jersey

TAYLOR STIPPEL
Minnesota

STACEY BENSON
Minnesota

DARROW ANDERSON
Minnesota

CLAYTON HINRICHS
Minnesota

OF COUNSEL
JOSEPH C. GEORGE, JR.
California

ANNIE M. KOPPLIN
Minnesota
Hawaii

March 17, 2020

Judge John G. Koetl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> The March 30, 2020 conference is canceled. The plaintiff should advise the Court by September 14, 2020 as to the status of service.
> So Ordered.
>
> New York, NY                    /s/ John G. Koeltl
> March 17, 2020                   John G. Koeltl
>                                  U.S.D.J.

Dear Judge Koeltl:

Our firm represents Plaintiff, *John Bellocchio*, in *Bellocchio v. Holy See*, Case No. 1:19-cv-11240-JGK. I am writing to request an adjournment of the initial conference on March 30, 2020 and provide an update regarding service on Defendant Holy See.

Plaintiff filed this lawsuit against Defendant Holy See, a foreign state pursuant to 28 U.S.C. §1603, on December 9, 2019. On March 3, 2020, Plaintiff requested the Court issue a Summons pursuant to 28 U.S.C. §1608. The Court issued the Summons on March 4, 2020.

Generally, a summons and complaint must be served on a defendant within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m). However, this time limit does not apply to service on a foreign state. *Id.* Specifically, Federal Rule of Civil Procedure 4(c)(1) provides in relevant part, that "*[t]*he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4m . . . ." FED. R. CIV. P. 4(c)(1). Rule 4(m) further provides:

> *Time Limit for Service.* If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time . . . . **[t]his subdivision (m) does not apply to service in a foreign country under Rule** 4(f), 4(h)(2) or **4(j)(1)**.

FED. R. CIV. P. 4(m) (emphasis added).

Rule 4(j)(1) of the Federal Rules of Civil Procedure governs service on a foreign state and provides that "[a] foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608." FED. R. CIV. P. (4)(j)(1).

Under 28 U.S.C. § 1608,

> (a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
>
> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), **by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state**, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
>
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. §1608 (emphasis added).

Plaintiff and Defendant have not entered into any special agreement for service of the Summons and Complaint, nor is Defendant Holy See a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Therefore, Plaintiff has undertaken efforts and is proceeding with service pursuant to 28 U.S.C. §1608(a)(3), which requires translation of the documents into Defendant's official language, Latin.

Plaintiff provided the service documents to APS International on March 16, 2020, to begin the Latin translations. APS estimates that translations will take approximately two months to complete. Counsel for Plaintiff has previously served Defendant in other lawsuits and service in connection with those matters took approximately six months to a year to complete.

Page 3
March 17, 2020

Given the timeline set forth above for translations and service, Plaintiff requests an adjournment of the Initial Conference scheduled on March 30, 2020. There have been no previous requests for adjournment or extension. Plaintiffs will continue to diligently attempt to effectuate service on Defendant after the Latin translations are complete, and we will provide the Court with another update on progress made.

Respectfully Submitted,

*Nahid Shaikh*

Nahid Shaikh
nahid@andersonadvocates.com